**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DARYL ALAN HESS,

    Petitioner - Appellant,

v.

CHRISTE QUICK, Warden,

    Respondent - Appellee.

No. 24-5122
(D.C. No. 4:10-CV-00462-CVE-FHM)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH** and **BACHARACH**, Circuit Judges.
_____

An Oklahoma jury convicted Daryl A. Hess in 2008 of two crimes. He challenged his convictions in a 28 U.S.C. § 2254 habeas application, and the habeas court denied the application in 2013. In 2024 he filed what the district court treated (at his request) as a motion for relief from the 2013 habeas judgment under Federal Rule of Civil Procedure 60(b)(6). The district court dismissed the motion in part, concluding that some of Mr. Hess's arguments amounted to unauthorized second or successive habeas claims. And it denied the motion in part, finding no merit in those arguments it viewed as

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

properly raised under Rule 60(b)(6). Mr. Hess now seeks a certificate of appealability to appeal the district court's order.

The district court resolved Mr. Hess's motion on procedural grounds. And so Mr. Hess can obtain a certificate of appealability only if he shows that reasonable jurists could debate both whether he stated a valid constitutional claim and whether the district court's procedural rulings were correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need only consider the district court's procedural rulings.

Mr. Hess's motion asserted several constitutional challenges against his convictions. He claimed, for example, that he had been denied effective assistance of counsel and denied the right to represent himself. And he urged the district court to conduct a cumulative-error analysis. The district court correctly treated these arguments as unauthorized second or successive habeas claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). The court's decision to dismiss those arguments for lack of jurisdiction is beyond debate.[1] *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The district court determined Mr. Hess's motion presented two arguments that fit under Rule 60(b). The district court denied those claims on the merits, concluding that Mr. Hess failed to show extraordinary circumstances existed, as a litigant must to win relief under Rule 60(b)(6), *see Gonzalez*, 545 U.S. at 535. That conclusion could not be

---

[1] Mr. Hess seems to say now that he never intended actually to raise these claims in his Rule 60(b) motion but included them only to show that he would prevail if the district court reopened the habeas proceedings and to show circumstances warranting relief under Rule 60(b). Whatever Mr. Hess's reason for including the claims in his motion, reasonable jurists could not debate whether the district court handled them correctly.

debated by reasonable jurists. After all, Mr. Hess's motion made no meaningful attempt to show extraordinary circumstances.[2]

In his brief to us, Mr. Hess asserts the district court should have held a hearing on his Rule 60(b) motion. But he does not support this bare assertion with adequate argument, so we will not consider it. *See United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995).

*        *        *

We deny Mr. Hess's application for a certificate of appealability. We dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[2] Mr. Hess spends roughly five pages in his brief to us outlining what he views to be extraordinary circumstances. But he did not present these arguments to the district court, so they cannot undermine that court's ruling.